**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JOANN CHANDLER, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:10-cv-00740-RCJ-VPC |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. et al., | ) ) ) | **ORDER** |
| Defendants. | ) ) ) | |

This is a standard foreclosure case involving one property. The Complaint lists a single cause of action for quiet title. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona and does not appear eligible for transfer. Defendants have moved to dismiss. For the reasons given herein, the Court grants the motion.

**I.    THE PROPERTY**

Joann Chandler gave lender Vista Mortgage, LLC a $580,000 promissory note, secured against the subject property at 2550 Henning Way, Minden, NV 89423 (the "Property"). (First Deed of Trust ("FDOT") 1–3, July 10, 2005, ECF No. 6, at 12). United Title of Nevada was the trustee, and MERS is listed nowhere on the FDOT. (*Id.* 2). Plaintiff refinanced the Property for $628,000 on July 27, 2006 via a second deed of trust ("SDOT"), which lists Guild Mortgage Co. ("GMC") as lender and Guild Administration Corp. ("GAC") as trustee. (*See* SDOT 1–3, July 27, 2006, ECF No. 6-1, at 6). The SDOT is a MERS deed of trust. (*See id.* 2).

MERS transferred the note and DOT to U.S. Bank National Association ("USBNA").

(*See* Assignment, Jan. 30, 2010, ECF No. 6-2, at 5). USBNA substituted Recontrust as trustee. (*See* Substitution, Jan. 30, 2010, ECF No. 6-2, at 7). Recontrust filed a notice of default ("NOD") based on a default of unspecified amount as of October 1, 2009. (*See* NOD, Jan. 30, 2010, ECF No. 6-2, at 10). The foreclosure therefore appears to have been statutorily proper. *See* Nev. Rev. Stat. § 107.080(2)(c). Recontrust noticed a trustee's sale for December 1, 2010. (*See* Notice of Trustee's Sale ("NOS"), Nov. 10, 2010, ECF No. 6-2, at 15). The mortgage is not eligible for the state foreclosure mediation program. (*See* FMP Certificate, July 27, 2010, ECF No. 6-2, at 13).

## II. ANALYSIS

The only potential defect in the foreclosure process was MERS' transfer of the beneficial interest to USBNA. Although MERS is named as a "beneficiary" in the SDOT, it is not one in reality because it does not own the beneficial interest in the loan. MERS' ability to transfer the interest in the debt secured by the deed of trust on behalf of the beneficiary must therefore be clear from the language of the deed of trust itself or from some other agency agreement between MERS and the lender. The SDOT includes the following language:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any and all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender, including but not limited to, releasing and cancelling this Security Instrument.

(SDOT 3–4). This language, coupled with the attempt to name MERS as a "beneficiary," indicates an intent to give MERS the broadest possible agency on behalf of the owner of the beneficial interest in the underlying debt. *See Smith v. Cmty. Lending, Inc.*, --- F.3d ----, 2011 WL 1127046, at *1–2 (D. Nev. 2011).

Finally, counsel noted at oral argument that as of October 1, 2011, foreclosing entities will be require to list a litany of information on each notice of default to comply with the

1 foreclosure statutes, including the chain of title. *See* A.B. 284. In fact, the bill appears to have
2 taken effect on July 1, 2011, but it only applies to assignments of beneficial interests under deeds
3 of trust made on or after that date. *See id.* §§ 14.5, 15.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is GRANTED.

IT IS SO ORDERED.

Dated this 25th day of July, 2011.

_____
ROBERT C. JONES
United States District Judge